

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 2, 1970

Hon. John F. Boff
Executive Director
Texas Board of Examiners in the
  Fitting and Dispensing of
  Hearing Aids
Penthouse Apts., Room 105
Austin, Texas 78701

Opinion No. M-715

Re: Authority of Texas Board
of Examiners in the Fitting
and Dispensing of Hearing
Aids to conduct educational
seminars to licensed and
temporary trainees in the
hearing aid profession.

Dear Mr. Boff:

      We quote from your letter requesting an opinion from this office as follows:

> "The Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids has instructed me to request formal opinions from your office concerning the following questions:
>
> "1. The Board has planned educational seminars to be offered to all licensed and temporary trainees in the hearing aid profession. The seminars are to be conducted by the Board members; no funds are to be collected for the seminars.
>
> "The Board's authority to hold such seminars is now being challenged on the grounds the Board does not have this power expressed in Article 4566-1.01 of Vernon's Civil Statutes.
>
> "The Board feels that it has implied powers to hold these seminars basically from Section 1.06 of the Article. Being charged with the responsibility of developing an examination to test the skills and knowledge of those entering the profession, the Board feels that an educational program would better prepare those individuals. At the present time no educational program, with the exception of home study courses, are available to the people in the hearing aid fitting and dispensing profession.
>
> "2. In the Rules and Regulations promulgated by the Board the following rule was adopted in regards

-3460-

to reciprocity:

"On and after May 1, 1970, in accordance with Section 1.06, 1.08, 1.09 of the Article, all persons applying for licenses shall furnish a physical home address and a Texas place of business address; a post office box is not acceptable.

"Does this mean that an individual living in a border state, licensed by that state to fit and dispense hearing aids, in order to qualify for a Texas license must have a physical residence within the State of Texas as well as a business address within the State of Texas?"

We will answer your questions in the order in which they are submitted.

1.

The Texas Board of Examiners in the Fitting and Dispensing of Hearing Aids is created by the provisions of Article 4566, Vernon's Civil Statutes. The express powers of the Board are contained in Article 4566-1.04, Vernon's Civil Statutes, and are quoted as follows:

"(a) The Board shall have the power to make such procedural rules consistent with this Act as may be necessary for the performance of its duties.

"(b) The Board shall have the power to appoint committees from its own membership, the duties of which shall be to consider such matters, pertaining to the enforcement of this Act, as shall be referred to said committees, and they shall make recommendations to the Board in respect thereto.

"(c) The Board shall have the power to employ the services of stenographers, inspectors, agents, attorneys, and other necessary assistants in carrying out the provisions of this Act.

"(d) The Board, by majority vote, shall have the power to issue subpoenas and subpoenas duces tecum to compel the attendance of witnesses and the production of books, records and documents, to

administer oaths and to take testimony concerning
all matters within its jurisdiction.

"(e) The Board shall have the right to in-
stitute an action in its own name to enjoin the
violation of any of the provisions of this Act.
Said action for injunction shall be in addition
to any other action, proceeding or remedy authorized
by law.

"..."

It is observed from a reading of the above quoted pro-
visions that the Board does not have the express authority to con-
duct educational seminars for licensed and temporary trainees in
the hearing aid profession, nor do we believe that such power is
necessarily implied by the provisions of Article 4566-1.06, Vernon's
Civil Statutes, which pertains to the examination of applicants for
licensing. The Board has no duty to inform or train prospective
licensees but merely to examine and license them. The giving of
seminars is not essential to or an incident of the discharge of its
express duties. Moreover, we observe that the appropriation to the
Board contained in House Bill 2, 61st Legislature, 2nd Called
Session, 1969 (The General Appropriation Bill for the 1970-71
biennium) does not contain any express authority for the expendi-
ture of funds for conducting such educational seminars. The source
of the powers of State administrative agencies is stated in 1
Tex.Jur. 652, Administrative Law, §6, in part, as follows:

"... The agency has only such powers as
are expressly conferred upon it by statute to-
gether with those necessarily implied from
powers and duties expressly given or imposed.
..."

Consequently, it is our opinion in answer to your first
question that the Texas State Board of Examiners in the Fitting
and Dispensing of Hearing Aids has no express or implied authority
to conduct educational seminars under any of the provisions of
Article 4566-1.01-1.21, Vernon's Civil Statutes.

2.

The Board has procedural rule making authority pursuant
to the provisions of Article 4566-1.04(a), supra. We find no re-
quirement under the provisions of Article 4566-1.06, 1.08 or 1.09

or any other of the provisions of the Act which specifically require an applicant for a license in this State to fit and dispense hearing aids to have a "physical" residence and business address within the State of Texas. With regard to an administrative agency's rule making authority, it is stated in 1 Tex.Jur.2d, Administrative Law, §11, in part, as follows:

> ". . . where a statute expressly authorizes an agency to regulate an industry it impliedly authorizes the adoption of regulations to that end. An agency on which such authority is expressly or impliedly conferred may make reasonable rules and regulations, proper and necessary to the exercise of its powers. However, the rules and regulations must be within the clear intent of the statute, and not in excess of the powers delegated."

Consequently, it is our opinion in answer to your second question that the Board's rule, supra, is not a procedural rule authorized by Section 1.04(a), supra, but a substantive rule which imposes an additional requirement or qualification on applicants for a license under the Act. Since we find no express or implied authority for such a rule, we hold that it is void and non-enforceable.

### S U M M A R Y

The Texas State Board of Examiners in the Fitting and Dispensing of Hearing Aids has no express or implied authority to conduct educational seminars under the provisions of Article 4566-1.01-1.21, Vernon's Civil Statutes.

The Board's rule, supra, is not a procedural rule authorized by Section 1.04(a), supra, but a substantive rule which imposes an additional requirement or qualification on applicants for license under the Act. Since we find no express or implied authority for such a rule, we hold that it is void and non-enforceable.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ivan R. Williams, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Max Hamilton
John Reeves
Houghton Brownlee
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

NOLA WHITE
First Assistant

ALFRED WALKER
Executive Assistant